# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BENJAMIN H. JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-034 |
| A Company Known as D.C.S. I.I.C., Savannah, GA 31405 - A Salt Company, et. al, | ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Benjamin H. Jones, an inmate imprisoned in Red Onion State Prison in the Western District of Virginia, has filed a 42 U.S.C. § 1983 complaint along with a motion to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision, so his complaint should be **DISMISSED** without prejudice.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. In

order to proceed IFP, however, serial-filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court. He has clearly exceeded the "three strikes" permitted by § 1915(g). *See, e.g., Jones v. Harless*, No. CV706-204 (W.D. Va. Apr. 11, 2006) (citing *Jones v. Hadley*, No. CV98-066 (W.D. Va. 1998), and stating "[b]y order and opinion dated August 12, 1998, the court held that Benjamin Jones has filed at least three prior civil

actions, *in forma pauperis*, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. § 1915(g), he is barred from filing a civil action *in forma pauperis* unless he prepays the . . . filing fee or alleges facts demonstrating that he is in imminent danger of physical harm"); *Jones v. Kendrick*, No. CV705-484 (W.D. Va. Sept. 13, 2005) (same). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

In order to fit within the "imminent danger" exception, Jones must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Here, Jones states that defendant, a salt-packet manufacturer from Savannah, Georgia, has sold

3

and shipped many empty salt-packets to Red Onion State Prison. (Doc. 1 at 2.) He states that he has been harmed by receiving these empty packets many times over the past year and argues that the company is in breach of contract and involved in a criminal conspiracy. (*Id.*) He even includes an affidavit breaking down each time he was given a defective salt packet since March 2009. (*Id.* at 4.) Of course, receiving an empty salt packet on occasion does not come close to showing imminent danger of physical harm.

For all of the reasons explained above, Benjamin Jones's complaint (doc. 1) should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.[1]

**SO REPORTED AND RECOMMENDED** this 10th day of March, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] Moreover, even if Jones was permitted to proceed IFP, his claim is facially frivolous and would be subject to immediate dismissal. Defendant, a private corporation, is not a state actor or a private citizen acting under color of state law, which is required to prevail in a § 1983 action. *Bannun v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). Nor has Jones even remotely shown that his occasional receipt of a defective salt packets violates his constitutional rights.